UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

| | |
|---|---|
| TAMARA CHANCELLOR, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 09-43-ART |
| ) | |
| v. ) | |
| ) | |
| CONNIE DAY, et al., ) | **MEMORANDUM OPINION** |
| ) | **AND ORDER** |
| Defendants. ) | |

***** ***** *****

Tamara Chancellor is an individual confined in the Otter Creek Correctional Complex in Wheelwright, Kentucky. In this action, she is suing Department of Corrections Director LaDonna H. Thompson and Medical Director Scott A. Haas, Otter Creek Correctional Complex Head Nurse Connie Day, Medical Director Dr. Steve Conrotto, and Warden Jeff Little under 42 U.S.C. § 1983 for their alleged failure to correctly diagnose and treat a skin condition. Having reviewed her complaint,[1] the Court will dismiss it because she alleges the defendants acted with negligence, a claim which may be raised under state tort law, but which is not the kind of deliberate misconduct which is required to state a claim under the civil rights statute.

Chancellor alleges that in June 2008 a rash developed on her right arm. Dr. Conrotto examined her arm and diagnosed the condition as *lichen simplex chronicus*, a skin condition which

---

[1] The Court must review a complaint filed by a plaintiff who is permitted to proceed without prepayment of the filing fee or who is a prisoner seeking relief against government entities or officials. 28 U.S.C. §§ 1915(e)(2), 1915A; *McGore v. Wrigglesworth*, 114 F.3d 601, 607-08 (6th Cir. 1997). Because the plaintiff is not represented by an attorney, her complaint is held to a more lenient standard. *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). When reviewing the complaint, the Court assumes that the facts alleged are true, and draws all reasonable inferences in the plaintiff's favor. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). The Court must dismiss any claim which fails as a matter of law. 28 U.S.C. § 1915(e)(2).

may develop in diabetics like Chancellor. Dr. Conrotto prescribed an ointment and instructed Chancellor to apply it to the affected areas. When the ointment failed to cure the rash, Chancellor asked to be seen by an outside dermatologist. Instead, over the next few months Dr. Conrotto prescribed a number of different creams to treat the condition. Chancellor indicates that none of the creams were effective. During this period, Chancellor sent several letters to the prison medical review committee, and ultimately filed a grievance with the Kentucky Department of Corrections. Both agreed that Dr. Conrotto's treatment was appropriate.

In January 2009, Chancellor was examined by Dr. Lavender, a dermatologist. Upon receiving the results of a biopsy, Dr. Lavender concluded the rash was the result of impetigo and prescribed antibiotics to treat the infection. Chancellor alleges that the antibiotics have been ineffective to treat the infection, and she fears permanent scarring of her skin as a result. She seeks damages and an order compelling prison officials to provide her appropriate treatment.

The Eighth Amendment to the Constitution of the United States protects an individual's right to adequate medical care while incarcerated. *Farmer v. Brennan,* 511 U.S. 825, 832 (1994). If prison officials show "deliberate indifference to the serious medical needs of prisoners," they inflict "Cruel and Unusual Punishments" in violation of the Eighth Amendment. *Estelle v. Gamble,* 429 U.S. 97, 104 (1976). The Eighth Amendment is therefore only violated where prison officials consciously disregard a serious threat to the prisoner's health.

When prison officials provide medical care in good faith but it nonetheless fails to promptly or completely restore the prisoner to good health, those officials are not "deliberately indifferent" to the prisoner's health. *Holmes v. Sheahan*, 930 F.2d 1196, 1199 (7th Cir. 1991). If the prisoner, or even another doctor, disagrees with the treatment provided, so long as it meets minimal standards of

adequacy, a mere disagreement over medical judgment does not state a constitutional claim. *Waldrop v. Evans*, 871 F.2d 1030, 1033 (11th Cir. 1989) ("[W]e disavow any attempt to second-guess the propriety or adequacy of a particular course of treatment. Along with all other aspects of health care, this remains a question of sound professional judgment."). A claim that medical treatment was inadequate may present a viable medical malpractice claim under state tort law, but it does not state a constitutional claim. *Graham ex rel. Estate of Graham v. County of Washtenaw*, 358 F.3d 377, 385 (6th Cir. 2004); *Estelle*, 429 U.S. at 106 ("[m]edical malpractice does not become a constitutional violation merely because the victim is a prisoner").

Chancellor alleges that although the defendants treated her on many occasions for her condition and adjusted that treatment when it failed to resolve the problem, they failed to correctly diagnose her condition for eight months. She does not allege any acts or omissions that show a deliberate indifference to the plaintiff's medical needs." Because Chancellor alleges conduct which could be considered, at most, negligent, her Eighth Amendment claims fail as a matter of law, and her complaint under 42 U.S.C. § 1983 must be dismissed. *Estelle*, 429 U.S. at 106.

Accordingly, **IT IS ORDERED** that:

1. Plaintiff's complaint, R. 2, is **DISMISSED WITH PREJUDICE**.

2. The Court certifies that any appeal would not be taken in good faith. 28 U.S.C. § 1915(a)(3); *McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997).

3. The Court will enter a judgment concurrently to this order.

This the 20th day of July, 2009.



**Signed By:**
**Amul R. Thapar** AT
**United States District Judge**